IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY L. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11–cv–1003–MJR–SCW |
| ) | |
| S. A. GODINEZ, SHERRY BENTON, ) | |
| DAVE REDNOUR and MRS. OAKLEY, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM & ORDER

REAGAN, District Judge:

I.   Introduction

On August 21, 2012, the Court denied Plaintiff Bobby Phillips's Motion for Preliminary Injunction (Doc. 78). Phillips moves the Court to reconsider that Order, stating that because of his lack of understanding and training in the law, he failed to clearly address certain claims, which caused the Court to misconstrue them (Docs. 79, 80).

Phillips contends that the Court should reconsider its Order for the following four reasons: (1) his reference to "all the prisons in Illinois" actually involves only three prisons - Menard, Stateville and Pontiac – where he must be housed because he is a Level-E high escape risk; (2) his transfer each year is mandatory; (3) Stateville is no longer on lockdown so he is subject to attack when he moves about the facility; and (4) there is a

1

likelihood of irreparable harm rather than just a possibility because gangs have targeted him for his cooperation in a murder investigation.

## II. Legal standard

Phillips's motion for reconsideration does not specify the procedural rule under which it is brought. However, in general, a motion brought by a litigant within 28 days of the entry of a judgment or order seeking reconsideration of matters decided on the merits, such as a manifest error of law or fact, is deemed to be a motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. **Obriecht v. Raemisch, 517 F.3d 489, 493–94 (7th Cir. 2008).** As Phillips's motion for reconsideration was filed within 28 days of entry of the Court's order and appears to assert a manifest error of fact, the Court construes the motion as brought under Rule 59(e).

The Seventh Circuit recognizes three grounds supporting the grant of a Rule 59(e) motion: (1) newly-discovered evidence, (2) an intervening change in the law and (3) a manifest error of law or fact. **Obriecht, 517 F.3d at 494**; **Sigsworth v. City of Aurora, Illinois, 487 F.3d 506, 511-12 (7th Cir. 2007)**; **Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998).** So, a Rule 59(e) motion can be used to draw the district court's attention to a manifest error of law or fact, but it "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance

2

arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010), *quoting Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). *Accord County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006)(Rule 59(e) motion may be granted if if the movant points to evidence in the record that clearly establishes a manifest error or law or fact).

   III.   Discussion

In its August 21st Order, the Court noted that Phillips claimed that four gangs (the Aryan Brotherhood, Dirty White Boys, Latin Kings and Northsiders) had put out a contract on his life, and that he is under specific threat from four inmates: Larry Rodgers, Roderick Choisser, "Shaky John," and "Snake." According to the Complaint, Defendants acted with deliberate indifference to serious threats to Phillips's safety. Phillips seeks relief in the form of a permanent injunction "prohibiting the defendants and the Illinois Department of Corrections from [denying] him protection, and protective custody housing ... throughout all prisons in the state of Illinois" (Doc. 1, p. 7).

In his motion for a preliminary injunction, Phillips requested that Defendants be ordered "to provide Plaintiff with protective custody housing and to send Plaintiff out of the dangers he is in by sending and permanently

assigning him to stay and remain in the Protective Custody Prison located at Pontiac Correctional Center" (Doc. 16, p. 7).

Contrary to Phillips's assertions, the Court did not misapprehend the relief sought in the motion for preliminary injunction. He has clarified the scope of the injunctive relief he seeks, but he has not shown that he is likely to suffer irreparable harm if the preliminary injunction is not granted. That central fact is unchanged. As Phillips's exhibit shows, he has been placed in protective custody upon transfer to each of the named institutions, Menard, Stateville and Pontiac (Doc. 80, Exh. A). He has been in protective custody throughout the pendency of this lawsuit, including while housed at Stateville (*See id*).

A plaintiff seeking preliminary injunctive relief must demonstrate that irreparable injury is *likely* in the absence of an injunction. **Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)**. In *Winter*, the Supreme Court rejected the Ninth Circuit's standard that preliminary injunctive relief could be triggered by a possibility (rather than a likelihood) of irreparable harm. **Id.** The Court reasoned that issuing a preliminary injunction "based only on a possibility of irreparable harm is inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." **Id.**

4

The possibility of future harm may be relevant to Phillips's claim for a permanent injunction, but it is not relevant to his motion for a preliminary injunction, the purpose of which is to "minimize the hardship to the parties pending resolution of their lawsuit." ***Anderson v. U.S.F. Logistics (IMC, Inc.*, 274 F.3d 470, 474 (7th Cir. 2001)**.  Since Phillips does not dispute that he is in protective custody and has, indeed, submitted evidence to show that he is housed there, the Court need take no steps to minimize any hardship on Phillips pending resolution of his lawsuit.

In sum, Philips has shown no manifest error of law or fact such that the Court should reconsider its Order.

IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Phillips's Motion for reconsideration (Doc. 79) and amended motion for reconsideration (Doc. 80).

IT IS SO ORDERED.

DATE: September 27, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States Magistrate Judge